On September 8th, 1943, complainant obtained a decree of foreclosure of a tax title certificate covering premises known and designated as Lots Nos. 12 and 13, Section 1, on a certain plan of lots entitled "Somerdale Park," made by Remington 
Vosbury, civil engineers of Camden, New Jersey, and dated February 5th, 1919, and more particularly described in a deed made by Henry Ulrich and Julia A., his wife, to Annie B. Wildey, widow, dated April 15th, 1936, and recorded in the office of the register of deeds, Camden County, on December 31st, 1936, in Book 848 of Deeds, page 227.
The bill of complaint in that cause was filed on February 17th, 1943, and sub. ad resp. was issued on March 26th, 1943. The defendants named in the bill are Annie B. Wildey, her unknown heirs, devisees and personal representatives, "Mr. Wildey," husband of Annie B. Wildey, and the State of New Jersey.
The premises have been occupied by Frank and Mary Del Percio uninterruptedly since a date some years prior to the institution of the tax title foreclosure. The nature of their occupancy — whether as lessees or as purchasers — need not be passed upon at this time. The Del Percios made monthly payments (either as rent, or as installment payments of purchase price), to one Lamoreau, a real estate agent. Mr. Lamoreau paid over to Mrs. Wildey, as owner, the monthly payments he received from the Del Percios, until Mrs. Wildey's death on November 4th, 1938. Thereafter the monthly payments were remitted by Mr. Lamoreau to Elva G. Moore until December of 1940, when she was rendered mentally incompetent by an injury and was confined. Following Mrs. Moore's incapacity, Mr. Lamoreau continued to receive monthly payments from the Del Percios, and retained the moneys so collected until after Mrs. Moore's death. Upon request of the present petitioners, Mr. Lamoreau paid this accumulation of money to them.
No defense was interposed to the foreclosure, and the cause proceeded ex parte.
By petition to open the final decree and to redeem, filed herein on September 8th, 1944, it is alleged that at the time *Page 553 
the foreclosure suit was instituted Annie B. Wildey had been dead for more than four years; that her only heir, Elva G. Moore (a daughter) was mentally incompetent and was confined in the State Hospital for the Insane at Byberry, in the State of Pennsylvania; and that the said Elva G. Moore has since died leaving the present petitioners (her two children) as her only heirs. They challenge the validity of the decree because: (a) their ancestor, Elva G. Moore, owner of the land when the suit was brought, was not joined as a defendant and had no notice of the suit, (b) no guardian ad litem was appointed to protect her rights, (c) the Del Percios, the occupants of the property, were not made defendants, and (d) the inquiry made by complainant for absent defendants does not satisfy the requirement for diligent inquiry necessary for jurisdiction. The complainant resists the application of petitioners urging the finality of the decree foreclosing all equity of redemption.
We are met at the outset with the provisions of R.S. 54:5-87:
"The court of chancery, upon the filing of a bill to foreclose the right of redemption, may give full and complete relief under this chapter, in accordance with other statutory authority and with the practice of the court, to bar the right of redemption and to foreclose all prior or subsequent alienations and descents of the lands and encumbrances thereon, except subsequent municipal liens, and to decree an absolute and indefeasible estate of inheritance in fee simple, to be vested in the purchaser. The decree shall be final upon the defendants, their heirs, devisees and personal representatives, and their or any of their heirs, devisees, executors, administrators, grantees, assigns or successors in right, title or interest, and noapplication shall be entertained to reopen the decree after threemonths from the date thereof and then only upon the grounds of lack of jurisdiction or fraud in the conduct of the suit." (Italics mine.)
The present application was not made within three months of the date of the final decree.
Assuming, for the moment, that the petitioners who are the heirs of Elva G. Moore, deceased, are entitled to maintain a petition to open the final decree, and assuming further that the application is within time, have they shown lack of jurisdiction or fraud in the conduct of the suit? *Page 554 
By R.S. 54:5-88 a bill of complaint is authorized, under the circumstances there set forth, against an unknown owner, his heirs, devisees, c., who shall be so designated throughout the cause, "and the suit shall proceed against them by publication of notice under order, according to the law and practice of thecourt of chancery." (Italics mine.) The law and practice of the Court of Chancery, specified in R.S. 2:29-28 and R.S. 2:29-29
and in rule 36 of the court, require in all cases where the residence and post office address of an absent defendant not actually served with the notice to appear shall not be known, that "diligent and careful inquiry" shall be made therefor.
Inquiry was made herein, and the proof thereof duly filed. It does not, however, include any inquiry of the occupants of the premises (to whom, incidentally, complainant made conveyance of the property three days after the date of its final decree, and from whom complainant accepted a mortgage bearing even date with the deed) nor exhibit any reason for the omission to pursue so natural and available a source of information.
In circumstances not unlike those before me, the Court of Errors and Appeals, in Hinners v. Banville, 114 N.J. Eq. 348,
declared (at p. 351):
"Complainant failed in the performance of the duty imposed upon her to make an effective inquiry. But assuming that she entertained a conscientious and apparently well-founded belief that appellants could not be found in the state, there was a singular and wholly unexplained failure to comply with the mandate of rule 37 of the court of chancery, that complainant, or his solicitor, or his agent actually entrusted with the management and conduct of the suit, in all cases where the residence and post office address of an absent defendant not actually served with the notice to appear shall not be known, shall make diligent and careful inquiry therefor." (Italics mine.)
In the Hinners Case some of the defendant mortgagors lived in the mortgaged premises; others lived in adjoining premises; another was in business in the same town, was listed in the telephone directory and his address was therein *Page 555 
given as the mortgaged premises. In that case, therefore, the want of care and diligence may be said to be clearer than it is in the case before me. Nevertheless, I am far from satisfied that Elva G. Moore, the incompetent, and only heir of the deceased Annie B. Wildey, was before the court by "due process." I do not overlook the fact that the Del Percios made affidavit in the present proceeding to the effect that they did not know Mrs. Wildey's address. Nevertheless, a perfectly natural and probable result of inquiry of them would have been a reference to Mr. Lamoreau who possessed all of the relevant information. Any inquirer who stated the object of his search (as he was bound to do, in accordance with the law and practice of the court) would have learned of Mr. Lamoreau and from him learned the address of Mrs. Wildey.
Notwithstanding all this, the statute (R.S. 54:5-87) is clear and unequivocal that no application to reopen shall be entertained after three months from the date of final decree. Even supposing that the limitation were held not to bar an application on behalf of an incompetent person whose rights had not been adequately protected, still more than three months expired between the death of Elva G. Moore and the presentation of the petition herein.
The bar of the statute in question is specifically limited to applications to reopen; it does no more. What success, if any, the petitioners would attain in seeking a remedy by other means I do not attempt to speculate; a number of difficult questions are raised by complainant, e.g., laches; inequitable conduct; estoppel (the petitioners having had actual notice of the pendency of the cause through having received and opened a registered letter addressed to their grandmother, Annie B. Wildey, containing the notice to appear) upon which no opinion is expressed herein.
My conclusion is that the legislation above referred to renders untenable, after three months, a petition in the cause to reopen the decree. I shall accordingly advise a dismissal, without prejudice. *Page 556